N.R. SMITH, Circuit Judge,
concurring:
I agree with the outcome of the majority’s Memorandum Disposition. However, I write separately to highlight the appropriate standard of review. The BAP applied the correct clearly erroneous standard of review and correctly found that the bankruptcy court did not clearly err in its decisions. Cutter v. Seror (In re Cutter), 2010 WL 6467694, *15-16 (B.A.P. 9th Cir. 2010). In their briefs, the parties agree, proposing the clearly erroneous standard as the appropriate standard of review.
This court has specifically addressed the proper standard of review when California Civil Code Section 19 is determinative, and we face such a situation here. “Whether the circumstances are sufficient to require inquiry as to another’s interest in property for the purposes of section 19 is a question of fact, even where there is no dispute over the historical facts.” Weisman v. Peters (In re Weisman), 5 F.3d 417, 421 (9th Cir.1993). Questions of fact are reviewed for clear error. United States v. Hinkson, 585 F.3d 1247, 1259-60 (9th Cir.2009) (en banc); Murray v. Bammer (In re Bammer), 131 F.3d 788, 791 (9th Cir.1997) (en banc); In re Weisman, 5 F.3d at 419. Therefore, the proper standard of review in this case is the clearly erroneous standard. See In re Cutter, 2010 WL 6467694, *7,15-16.
In In re Weisman, the court emphasized the underlying facts that must be determined in order to decide if the trustee was on inquiry or constructive notice. 5 F.3d at 421 (“The essential dispute between the parties is whether Peters’ and Neergaard’s possession of the house was consistent or inconsistent with the record title in Peters’ and Weisman’s names.”). Similarly, here, the central dispute involves the actions by the debtor and others and their consistency with the names on the deeds. See Maj. Memo, at 617-18. Therefore, In re Weisman held that the specific situation we face in this appeal is a question of fact, and thus any presumption that this case should be reviewed de novo is overcome.
While language from In re Bammer may suggest that a de novo review is appropriate in certain situations, its holding is narrow and does not overrule In re Weisman here. In re Bammer considered *619 whether the debtor’s fraudulent conduct qualified as “malicious” under 11 U.S.C. § 523(a)(6) and did not suggest that mixed questions are always reviewed de novo. 131 F.3d at 791-92. Thus, because the question at hand is essentially factual and In re Weisman recognized the factual nature of this determination, see 5 F.3d at 421, the language in In re Bammer is inapplicable.